

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,267

**EX PARTE MARVIN WHINERY, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 23,562 IN THE 217TH DISTRICT COURT
## FROM ANGELINA COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated sexual assault of a child (count two) and sentenced to thirty years' imprisonment, and three counts of indecency with a child and sentenced to twenty years' imprisonment on count one and fifteen years' imprisonment on both counts three and four. The Ninth Court of Appeals affirmed his conviction. *Whinery v. State*, No. 09-04-0086-CR (Tex. App.–Beaumont, delivered February 2, 2005).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. We remanded this application to the trial court for findings of fact and conclusions of law.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had been affirmed. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Ninth Court of Appeals in Cause No. 09-04-0086-CR that affirmed his conviction in Case No. 23,562 from the 217th Judicial District Court of Angelina County. Applicant shall file his petition for discretionary review with the Ninth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: December 16, 2009
Do not publish